## I. TANENBAUM, SON & CO. v. COOK et al.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. TROVER AND CONVERSION ⬥►10—DETENTION OF PROPERTY—INABILITY TO RETURN.

    Where plaintiff installed a sprinkler equipment on defendant's premises, and defendant agreed that at the termination of the contract plaintiff might enter upon the premises and remove the equipment, and that she would procure for plaintiff all necessary permits for its removal, the fact that she subsequently leased the premises, and had no right to enter upon them and remove the equipment, did not prevent liability on her part as for a conversion of the equipment, as a party cannot, merely by putting it out of his power to regain possession of personal property to which he has no title, but merely a license to use, avoid liability for conversion.

    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 84–94; Dec. Dig. ⬥►10.]

2. TROVER AND CONVERSION ⬥►40—EVIDENCE—ADMISSIONS IN ANSWER.

    In an action against a landlord and her tenant for converting a sprinkler equipment installed by plaintiff on the landlord's premises, there was no ground for the contention that plaintiff failed to show that the landlord had possession or control of the converted property, where the answer alleged that the tenant had been and was in possession and control, together with the landlord, of a part of the building and prem-

---

⬥►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ises, and it appeared that the part occupied by the tenant was the part where the sprinkler equipment converted was located, as possession and control of the building, and of the part in which the equipment was located, carried with it possession and control of such equipment.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 232-244; Dec. Dig. ☞40.]

3. TROVER AND CONVERSION ☞13—DETENTION OF PROPERTY—EFFECT OF CONTRACTUAL RELATIONS.

That plaintiff, who installed a sprinkler equipment on defendant's premises upon her agreement that it might be removed at the termination of the contract, might have had an action for breach of contract upon defendant's failure to permit the removal, did not destroy its right of action for conversion, its title and legal right to possession being unassailable, as there may be a recovery in conversion, though a contractual relation exists, and such recovery is not confined to cases in which an affirmative duty rests upon defendant to return plaintiff's property.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 103-116; Dec. Dig. ☞13.]

4. BAILMENT ☞21—RIGHTS OF OWNER AS AGAINST BAILEE'S TENANTS.

Plaintiff installed a sprinkler equipment on C.'s premises under an agreement that on August 1, 1913, plaintiff might enter and remove the equipment, and that C. would procure for plaintiff all necessary permits for its removal. C. leased the premises to L. until February 1, 1914, by a lease which bound L. to pay $15 a year towards the maintenance of the sprinkler system and central station connection. Held, that L. had no right to the possession of the equipment as against plaintiff, after the termination of the contract with plaintiff, either on the theory of implied contract, or on the theory of estoppel, as plaintiff was not concerned with the terms of the contract between C. and her tenants; the payment required by the lease not having been made, or supposed to be made, to plaintiff.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 91-102; Dec. Dig. ☞21.]

5. BAILMENT ☞21—IMPLIED CONTRACTS—ESTOPPEL.

That plaintiff undertook to procure the return to L. of a sum paid by him to a fire alarm company towards the cost of maintaining the electric connection to the sprinkler system and did send L. its check for such amount, did not create or evidence any contract, express or implied, between it and L., nor estop plaintiff from its right to obtain possession of the property.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 91-102; Dec. Dig. ☞21.]

Appeal from City Court of New York, Trial Term.

Action by I. Tanenbaum, Son & Co. against Ida B. Cook and another. From a judgment dismissing the complaint as to both defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Prince & Nathan, of New York City (Alfred B. Nathan, of New York City, of counsel), for appellant.

Gabriel I. Lewis, of New York City (Samuel S. Bernstein, of New York City, of counsel), for respondents.

SHEARN, J. The complaint sets forth a cause of action against the defendant Ida B. Cook, owner of the building 30 Bond street,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the defendant Liebmann, a tenant therein, for the conversion of a sprinkler equipment owned by the plaintiff and installed in the premises pursuant to a written agreement whereby the defendant Cook agreed that at the termination of the contract on August 1, 1913, the plaintiff might enter upon the premises and remove the sprinkler equipment, and whereby the defendant Cook further agreed to procure for the plaintiff all necessary permits for such removal.

[1] 1. It is claimed on behalf of the defendant Cook that, as she had on December 11, 1912, leased the fourth loft above the store floor to Liebmann for the term from February 1, 1913, to February 1, 1914, she had no right to enter Liebmann's premises and remove the part of the sprinkler equipment installed therein, and can only be held liable for breach of contract. This is unsound. A party cannot, merely by putting it out of his power to regain possession of personal property, to which he has not title, but merely a license to use, avoid a cause of action for conversion.

[2] 2. The contention that the plaintiff failed to show that the defendant Cook had possession or control of the converted property cannot properly be urged, in view of the admission in the answer of the third paragraph in the complaint, wherein it is alleged that at all the times in question the defendant Liebmann "has been and is in possession and control, together with the said Ida B. Cook, of a part of the aforesaid building and premises." As above stated, the defendant Cook owned the entire building, and the part of the premises occupied by Liebmann was the part where the part of the sprinkler equipment converted was located. Possession and control of the building and of the loft in which the sprinkler equipment in question was located carried with it possession and control of the sprinkler system installed therein.

[3] 3. The mere fact that plaintiff might have had an action for breach of contract did not destroy its right of action for conversion, where its title to the property and its legal right to its immediate possession were unassailable. There are many reported cases where recovery has been upheld in conversion, although a contractual relation existed between the parties. Neither are such cases confined to those in which an affirmative duty rests upon the defendant to return plaintiff's property.

[4, 5] 4. The claim of the defendant Liebmann that, because of a provision in his lease with the defendant Cook "to pay * * * the sum of $15 per annum towards the annual total cost of the maintenance of the automatic sprinkler system and central station connection now installed in the premises," his right to possession up to February 1, 1914, may be regarded as affirmatively established, on the theory of implied contract, or that the plaintiff's right to possession may be regarded as negatived on the theory of estoppel, is without merit. The plaintiff was not concerned with the terms of the contracts between the owner of the building and her tenants. The payment was not made to the plaintiff, nor was it supposed to be made to the plaintiff. The plaintiff did undertake to procure the return to the defendant Liebmann of the sum of $15 paid by him to the Automatic Fire Alarm

Company, being his proportion of the cost of maintaining the electric connection to the sprinkler system (provided for in the lease), and sent the defendant Liebmann plaintiff's check for this amount on July 25, 1913. Liebmann deposited the check, and collected it, after the commencement of the action. This act on the part of the plaintiff for the benefit of the defendant Liebmann did not create or evidence any contract, express or implied, between the plaintiff and Liebmann, nor did it estop plaintiff from its right to obtain possession of its property. No grounds were assigned for dismissing the complaint, and no substantial ground for so doing is apparent.

Judgment reversed as to both defendants, and new trial ordered, with costs to appellant to abide the event. All concur.